# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. _____ |
| ) | JURY DEMAND |
| MEHARRY MEDICAL COLLEGE, ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT

Plaintiff Jane Doe, through counsel, files this suit for injunctive relief, including a preliminary and final injunctive relief and money damages, against Defendant Meharry Medical College and avers as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives a district court jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States of America. The federal claims arise under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*

2. The Court has supplemental jurisdiction over the Tennessee state law claims and should exercise jurisdiction pursuant to 28 U.S.C. § 1367 for the following reasons:

1

a. The action for violations of the federal laws set forth in Paragraph 1 herein, namely: the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* and jurisdiction for these actions is conferred on the Court by 28 U.S.C. § 1331.

b. The state law claims, breach of contract, express or implied and breach of the covenant of good faith and fair dealing are so related to the claims in the federal causes of action that the claims form part of the same case or controversy under Article III of the Constitution.

c. The stated cause of action neither raises a novel nor a complex issue of state law nor does it substantially predominate over the federal claims.

d. There are no other compelling reasons for the Court to decline jurisdiction over the state law claims.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 since Defendant Meharry Medical College is located in this district and a substantial part of the events giving rise to this Complaint occurred in this judicial district.

**PARTIES**

4. In June 2016, Plaintiff Jane Doe began her studies at Meharry Medical College. She intended to graduate with a degree in medicine and also to earn a master's degree in public health in about May 2021.

5. Defendant Meharry Medical College, hereinafter "Meharry," is a public benefit corporation doing business as a medical school that accepts federal funding and is located in Nashville, Tennessee. Service of process for Meharry may be had by serving or delivering a copy of the summons and complaint to an officer or managing agent of Meharry including its general counsel as the registered agent for service of process.

## STATEMENT OF THE FACTS

6. As a high school student, Jane Doe was academically outstanding, participated in extracurricular activities, and never had an honor code violation.

7. For her higher education, Jane Doe's goal was then and is now to become a licensed, practicing medical doctor with a master's degree in public health in order to combine the two disciplines to serve her patients at a high level of professionalism.

8. For her higher education, Jane Doe had numerous options but chose to attend Fisk University to take advantage of its pathway to Meharry for a medical degree and a master's degree in public health.

9. In May 2016, Jane Doe graduated from Fisk University.

10. In about June 2016, Jane Doe began her first semester at Meharry, during which she passed all courses.

11. In January 2017, Jane Doe began her second semester at Meharry, during which she also passed all courses.

3

12. During her studies at Meharry, in the Spring of 2018, Jane Doe worked in a clinic with obese children in a life fitness program under Dr. Kimberlee Wyche-Etheridge.

13. During her studies at Meharry, Jane Doe also worked two jobs in order to meet her financial obligations to Meharry of $25,000.00 per semester.

14. In August 2017, Jane Doe:

   a. began her third semester at Meharry,

   b. went to the Meharry Student Clinic and the Meharry Counseling Center for assistance with major depressive disorder, anxiety, and other health matters that required her to visit a medical provider, and

   c. failed a course called "MusculoSkeletal/Skin," hereinafter "MSS."

15. On November 20, 2017, Jane Doe took an on-line examination for a class called "Principles and Practice of Medicine 2A," hereinafter, "PPM 2A".

16. It was a common practice at Meharry for students to take this on-line examination for PPM 2A from home.

17. This practice was widely known by students and faculty at Meharry.

18. Given her major depressive disorder, anxiety, and other health matters, Jane Doe took the on-line examination for PPM 2A at her home.

19. Given her major depressive disorder, anxiety, and other health matters, if it had not been the common practice at Meharry for students to take the

on-line examination for PPM 2A from home, then Jane Doe would have been eligible to apply for a testing accommodation and would have applied for such an accommodation.

20. Notwithstanding the common practice to take the on-line examination for PPM 2A from home, Jane Doe was accused of "examination dishonesty" for taking the on-line examination for PPM 2A at home.

21. On November 27, 2017, Jane Doe had a meeting with Dr. Veronica T. Mallett, the Dean of the School of Medicine at Meharry, hereinafter "Dean Mallett," in Dean Mallett's office at Meharry to discuss Doe's having taken the on-line examination for PPM 2A at home.

22. At the meeting with Dean Mallett on November 27, 2017, Jane Doe told Dean Mallett about her major depressive disorder, anxiety, and other health matters.

23. On November 29, 2017, pursuant to a letter from Dean Mallett, Jane Doe was dismissed from Meharry for "examination dishonesty" for taking the on-line examination for PPM 2A at home. A redacted copy of the dismissal letter dated November 29, 2017 is attached as Exhibit A.

24. Jane Doe had no hearing before the Student Discipline Committee, hereinafter "the Committee," before she was dismissed by Dean Mallett, contrary to the provisions of the Meharry Medical College Student Handbook for the academic year 2016 – 2017 and the Meharry Medical College School of Medicine Student Academic Policies and Procedures Manual.

5

Case 3:18-cv-00698   Document 1   Filed 07/27/18   Page 5 of 19 PageID #: 5

25. At the time of Jane Doe's dismissal, the Meharry Student Code of Professional Conduct's definition of "Examination Dishonesty" did not include taking an on-line examination at home.

26. Upon information and belief, Meharry chose to end the practice of taking on-line examinations at home by using "examination dishonesty" as an *ex post facto* pretext to make an example of Jane Doe and others.

27. The dismissal prevented Jane Doe from attending her then current classes at Meharry, including a class called "Gastro-Intestinal," hereinafter "GI."

28. The dismissal also prevented Jane Doe from taking the mid-term examination in GI.

29. On December 7, 2017, Jane Doe appealed her dismissal to the Committee.

30. The next day, on December 8, 2017, the Committee reinstated Jane Doe; however, the Committee imposed a grade of zero for the PPM 2A examination. A redacted copy of the Committee's letter dated December 8, 2017 is attached as Exhibit B.

31. At the time of her reinstatement, even with the grade of zero for the examination, Jane Doe still had a passing grade in PPM 2A course.

32. After her reinstatement, Jane Doe was allowed to return to classes.

33. Nevertheless, the 10-day dismissal had caused Jane Doe to miss GI classes and to miss taking the GI mid-term.

6

34. On December 15, 2017, Jane Doe took the final examination in GI, but failed to pass that examination, which caused her to fail the GI course.

35. When she took the final examination in GI, Jane Doe had been diagnosed the day before with the flu and had been given Tamiflu to alleviate the symptoms, but was required to take the examination anyway.

36. Rather than allow Jane Doe to take the usual remedial examination for the GI final, Meharry only allowed her to take the mid-term that she missed while on dismissal status.

37. In addition to failing GI, Jane Doe also failed PPM 2A after her professor gave her an additional grade of zero in that class for the "professionalism" component of the grade for taking the on-line examination at home.

38. The grade of zero for "professionalism" was given at the "discretion of the teacher."

39. "Professionalism" is defined by Meharry in terms of personal appearance, deportment, and professional courtesy and cannot be construed as providing a double punishment for alleged examination dishonesty.

40. Before taking the PPM 2A on-line examination at home, Jane Doe had maintained a passing grade point average (GPA) at Meharry and had no honor code allegations or violations charged or found against her.

41. After taking the PPM 2A on-line examination at home, Jane Doe failed two classes: PPM 2A and GI.

42. Jane Doe failed PPM 2A as the direct result of

7

a. the grade of zero imposed by Meharry for purported "examination dishonesty" in the class, and

b. the grade of zero imposed by Meharry for a purported lack of "professionalism" in the class.

43. In fact, Jane Doe is innocent of "examination dishonesty" and did not exhibit a lack of "professionalism."

44. Jane Doe failed the GI course as the direct result of

a. her dismissal from Meharry on November 29, 2017 without a hearing by the Committee,

b. her exclusion from campus and from GI classes during her dismissal,

c. her exclusion from taking the GI mid-term examination during her dismissal,

d. the failure of Meharry to allow her to take a remedial GI final examination as allowed by Meharry's policies,

e. her being required to take the GI final examination in spite of having the flu and being on Tamiflu during the examination, and

f. her major depressive disorder, anxiety, and other health problems which were exacerbated during her dismissal and its aftermath.

8

45. In January 2018, Jane Doe began her fourth semester at Meharry.

46. On January 12, 2018, the Student Evaluation and Promotion Committee, hereinafter "the SEPC," decided that Jane Doe must retake the PPM 2A course in the 2018/2019 academic year.

47. During her meeting with the SEPC, Jane Doe was not advised that she could take an involuntary leave of absence due to her anxiety, depression, and other health problems or apply for testing accommodations.

48. During her fourth semester, Jane Doe failed the course called "Endocrine & Reproduction," hereinafter "IEMR," as the direct result of

    a. her major depressive disorder, anxiety, and other health matters, and

    b. the increased severity of her major depressive disorder, anxiety, and other health matters as a consequence of Meharry's actions regarding her dismissal, reinstatement, and failing grades in PPM 2A and GI.

49. On May 16, 2018, the SEPC met to consider a finding of "academic incompetence" against Jane Doe due to her having received a grade of "F" in courses totaling greater than or equal to 22 credit hours in a single academic year.

50. On May 18, 2018, the SEPC dismissed Jane Doe from Meharry due to the cumulative effect of her having failed PPM 2A, GI, IEMR, and MSS. A redacted

9

copy of that dismissal letter, erroneously dated May 15, 2018, is attached as Exhibit C.

51. Had the passing grade that Jane Doe earned in PPM 2A been recorded without sanctions for taking the on-line examination at home, then she would not have failed PPM 2A and would not have been subject to dismissal by the SEPC.

52. Had Jane Doe not been excluded from attending classes in the GI course and taking the GI mid-term examination during her 11-day dismissal, then she would not have failed the GI course and would not have been subject to dismissal by the SEPC.

## COUNT I

**VIOLATION OF TITLE III OF THE AMERICAN WITH DISABILITIES ACT**

53. Plaintiff refers to and incorporates each of the foregoing paragraphs as if fully restated herein.

54. Title III of the Americans with Disabilities Act of 1990, hereinafter the "ADA", 42 U.S.C. § 12101, *et seq.*, is a civil rights law that prohibits discrimination based on disability.

55. Pursuant to 42 U.S.C. § 12182(a), Meharry cannot discriminate against Jane Doe "on the basis of disability."

56. Pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii), discrimination includes failing to make "reasonable modifications in policies, practices, or procedures" to accommodate Jane Doe, unless the modifications would "fundamentally alter the nature" of the services.

57. Jane Doe suffered from anxiety, depression, and other health issues for which she sought help at the Meharry Student Clinic and the Meharry Counseling Center during her third semester at Meharry.

58. If Meharry did not have a practice to allow the taking of on-line examinations at home, then Jane Doe would have applied for a testing accommodation.

59. Meharry prevented Jane Doe from making a timely application for a testing accommodation by using the pretense of "examination dishonesty" to end the practice of taking on-line examination at home.

60. As a result of Meharry's violation of the ADA, Jane Doe:

    a. has suffered substantial harm in the form of failing grades in the course called PPM 2A and GI;

    b. has had an "examination dishonesty" finding against her;

    c. has been wrongfully dismissed from Meharry; and

    d. has suffered substantial harm, including irreparable harm in the form of destruction of her reputation and detriment to future employment opportunities.

61. As a result of Meharry's violation of the ADA, Jane Doe has also incurred significant monetary and emotional damages.

# COUNT II

## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

62. Plaintiff refers to and incorporates each of the foregoing paragraphs as if fully restated herein.

63. The Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, is a civil rights law that prohibits discrimination based on disability.

64. Section 504 of the Rehabilitation Act prohibits a federally-funded program from discriminating against an "otherwise qualified individual with a disability" because of her disability.

65. Pursuant to 29 U.S.C. § 794(a), Jane Doe is an "otherwise qualified individual with a disability."

66. Pursuant to 28 C.F.R. § 41.53, as an otherwise qualified individual, Jane Doe should receive in a timely manner the reasonable accommodation that she requested.

67. There is a direct causal link between Meharry's terminating a practice to allow taking on-line examinations at home without first allowing Jane Doe to apply for a reasonable accommodation for taking an examination as an alternative.

68. As a result of Meharry's violation of the Section 504, Jane Doe:

    a. has suffered substantial harm, including irreparable harm in the form of her dismissal from medical school, the destruction of her reputation, and detriment to her future employment opportunities; and

b.   has also incurred significant monetary and emotional damages.

## COUNT III

## BREACH OF CONTRACT IMPLIED AND EXPRESS

69. Plaintiff refers to and incorporates each of the foregoing paragraphs as if fully restated herein.

70. Jane Doe's relationship with Meharry is contractual in nature, both express and implied.

71. Pursuant to Jane Doe's contract with Meharry, Meharry agreed, among other things:

   a.   to provide Jane Doe with academic instruction;

   b.   to follow the provisions of the Meharry handbook and student policies in a fundamentally fair manner; and

   c.   to treat Jane Doe with fundamental fairness and equity without penalty or bias.

72. As consideration for the contract, Jane Doe paid money to Meharry as tuition.

73. Meharry breached its contractual commitment to Jane Doe:

   a.   by failing to provide her with timely notice that the practice of taking on-line examinations at home would no longer be allowed;

   b.   by failing to provide her with a timely opportunity to apply for a reasonable accommodation for taking the PPM 2A examination;

      c.     by using an allegation of "examination dishonesty" to make an example of Jane Doe;

      d.     by failing to treat Jane Doe with fundamental fairness in its manner of dismissing Jane Doe on or about November 29, 2017; and

      e.     by failing to give Jane Doe a meaningful hearing before the Committee when dismissing her on or about November 29, 2017.

74. Jane Doe relied to her detriment on Meharry's implied promise of fundamentally fair treatment.

75. As a result of Meharry's breach of contract, Jane Doe:

      a.     has suffered substantial harm, including irreparable harm in the form of destruction of her reputation and detriment to future graduate school and employment opportunities; and

      b.     has also incurred significant monetary and emotional damages as a result of Meharry's breach of contract.

## COUNT IV

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

76. Plaintiff refers to and incorporates each of the foregoing paragraphs as if fully restated herein.

77. Meharry did not deal fairly, equitably, and in good faith with Jane Doe.

14

78. Jane Doe has suffered harm as a result of Meharry's violation of its obligations under the implied covenant of good faith and fair dealing/obligation of good faith performance.

79. As a result of Meharry's breach of its covenants of good faith and fair dealing, Jane Doe:

  a. has suffered substantial harm, including irreparable harm in the form of destruction of her reputation and detriment to future graduate school and employment opportunities; and

  b. has also incurred significant monetary damages as a result of Meharry's breach of the covenant.

## COUNT V

## VIOLATION OF TITLE IX

80. Plaintiff refers to and incorporates each of the foregoing paragraphs as if fully restated herein.

81. Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, is a federal civil rights law that prohibits discrimination on the basis of sex in any education program or activity that receives federal funding.

82. In violation of 20 U.S.C. § 1681(a), Meharry discriminated against Jane Doe on the basis of her sex by failing to grant her requested accommodations in a timely manner and by conducting an Honor Council meeting that did not conform to fundamental fairness.

83. As a result of Meharry's violation of Title IX, Jane Doe:

   a. has suffered substantial harm, including irreparable harm in the form of dismissal from Meharry, destruction of her reputation, and detriment to future employment opportunities; and

   b. has also incurred significant monetary damages as a result of Meharry's violation.

## INJUNCTIVE RELIEF

84. Plaintiff requests that the Court enter a preliminary injunction and after trial, a permanent injunction.

85. Absent the Court granting Plaintiff a preliminary injunction, the following will result:

   a. Plaintiff is suffering and likely suffer immediate and irreparable harm if a preliminary injunction is not granted before a decision on the merits is reached: she will not be able to complete her medical school education, her reputation and name are stained on the face of her transcript and medical school records, and her medical studies are interrupted at a critical time during medical school.

   b. Plaintiff has a likelihood or strong likelihood of success on the merits;

16

  c.  The balance of hardships for granting an injunction tips in favor of Plaintiff; and

  d.  Granting a preliminary injunction is in the public interest.

86. Plaintiff further has met the requirements for a permanent injunction after a trial on the merits.

## JURY DEMAND

87. Plaintiff hereby demands by a jury on all issues triable by a jury.

## DEMAND

Wherefore, Plaintiff asks the Court for a judgment against the Defendant as follows:

1. For an order entered finding Meharry liable for each of the Causes of Action above;

2. For the Court to issue a Preliminary Injunction ordering Defendant:

  a. To reinstate Jane Doe as a student in good standing at Meharry with her original passing grade in PPM 2A;

  b. To expunge and remove, and delete from all of Defendant's records, books, transcripts, electronically stored information or date or other document (written or otherwise), and books all allegations, reference or mention or of any "examination dishonesty," "academic incompetence,' or "academic failure" from Doe's record;

  c. Except for the purposes of removing the information set forth in Paragraph 2b above, never to report, state, allude or mention to any

17

other person, faculty of staff at Meharry that Jane Doe was accused or charged with examination dishonesty, academic incompetence, or academic failure;

    d. Never to report, state, allude to, or provide never to any person, institution or other entity that Jane Doe was accused or charged with examination dishonesty, academic incompetence, or academic failure and not to provide any record or transcript that states or reflects such, directly or indirectly; and

    e. Not to retaliate against Jane Doe for asserting or vindicating her right under federal law.

    f. To take no action against Jane Doe based on or related to the accusations or charges made by Defendant against her regarding alleged cheating, academic failure or academic incompetence.

3. After trial, for the Court to order a permanent injunction against Defendant.

4. For the jury or the Court to award compensatory damages of One Million Dollars ($1,000,000.00) to Plaintiff.

5. For an order directing Meharry to pay reasonable attorneys' fees and costs incurred by Jane Doe;

6. For a jury to hear and decide all issues and questions that a jury may hear and decide;

7. For the Court to expedite the case on its docket;

8. For other relief as the law and justice permit and the Court deems appropriate to vindicate Plaintiff's rights.

Respectfully submitted,

<u>s/ Perry A. Craft</u>
Perry A. Craft, BPR # 006056
Law Office of Perry A. Craft, PLLC
402 BNA Drive, Suite 202
Nashville, Tennessee 37217
Telephone: (615) 953-3808
Facsimile: (615) 739-6292
Email: perrycraft@craftlegal.com

Dated this \_\_\_25\_\_\_ day of July, 2018.

## VERIFICATION

I, using the pseudonym Jane Doe, having first taken an oath, declare under penalty of perjury as follows:

1. I am over the age of eighteen (18) years and competent to testify in this matter.

2. The facts stated in the Verified Complaint are true and correct.

*[signature: Jane Doe]*
AFFIANT
JANE DOE PSEUDONYM